# United States District Court
# Northern District of Illinois
# Western Division

**United States of America**

Vs.

**SirDouglas Dismuke**
*Defendant*

02 CR 50061-4 and 03 CR 50010-01
Hon. Philip Reinhart
Judge Presiding

**Sentencing Memorandum**

## Introduction

As summarized in the original and supplemental pre-sentence report (PSR) that has been filed in connection with the above referenced cases, Defendant Dismuke was originally sentenced in this matter on May 1, 2003 to a term of 252 months in prison. That sentence was influenced by the determination that Mr. Dismuke was a career offender on the basis of prior violent crimes convictions. One conviction that was decisive one for the career offender status was a prior conviction for possession of a sawed off shotgun. While Mr. Dismuke was serving his sentence the law has changed with regard to whether the possession of a prohibited firearm constitutes a violent felony. *See generally, Begay v. United States*, 128 S. Ct. 1581 (2008), *Sykes v. United States*, 131 S. Ct. 2267 (2011), *U.S. v. Miller*, 721 F.3d 435, 437 (7th Cir. 2013).

As a result of Mr. Dismuke's *pro se* efforts on his own behalf, this case has been referred back to this court for a new sentencing. The Probation officer has determined that the appropriate sentencing range for Mr. Dismuke is now 168 to 210 months based on an offense level of 30 and a criminal history category of VI. Mr. Dismuke has no objection to

1

that determination by the Probation Officer and submits the following as his sentencing memorandum.

### Defendant Dismuke should be sentenced at the low end of his new guideline range.

Although it is certainly not unusual for any attorney representing a federal defendant to urge the court to sentence his client at the low end of the guideline range, the task of urging a low end sentence for Mr. Dismuke is made easy by two things: (1) All of his co-defendants have completed their sentences; and (2) By taking advantage of training and educational opportunities made available to him in prison, Mr. Dismuke has demonstrated both an interest in being and an ability in become a more productive member of society than he was when he committed the offenses that landed him in prison.

With regard to the sentences of his co-defendants, a query of the Federal Bureau of Prisons inmate locator service reveals that Defendant Gargani was released from her sentence on 11/8/2007, Gregory Sims was released on 8/19/2008 and Vincent Phillips was released on 7/13/2012. While it may be true that their sentences were each influenced by their peculiar criminal histories and assistance that they may have provided the government, the fact remains that with regard to the initial offense charged in this matter, the August 19, 2002 robbery of the Heritage Federal Credit Union in Rockford, all of others who were involved in that offense have been released and are moving ahead with their lives. That being the case, the interest of 18 U.S. Code § 3553 in avoiding disparities in the sentences imposed upon defendants involved in the same crime would now appear to recommend a sentence near the low end of Mr. Dismuke's new range, especially since

such a sentence would still result in him spending more time in prison than others who participated with him in the offense.

In terms of the advantage Mr. Dismuke has taken of opportunities made available to him in prison, the undersigned must confess that he has no experience with other defendants at this juncture in their sentence that he can offer as a measure for how Mr. Dismuke has done. In talking to him, however, he indicates that a turning point for his attitude toward prison and taking advantage of offered opportunities to prepare for a responsible life after prison came when his oldest son died unexpectedly in 2006 from a heart attack while playing basketball. He was only a teenager at the time. From that point on, Mr. Dismuke has dedicated himself to obtaining skills and knowledge that would be beneficial to him when he is released from prison. Judging from his record in prison since 2006 and the numerous certificates he has received for various courses he has taken, Mr. Dismuke is serious about turning his life around.  His success in obtaining this re-sentencing attests to his ability to apply what he has learned to a constructive end.

To the extent that encouraging such a change in attitude was a consideration in the length of the sentence initially imposed by this Court, that goal seems to have been achieved. The undersigned submits that under these circumstances a greater good would now be served by returning Mr. Dismuke to society sooner rather than later and for that reason, respectfully urges the court to impose a sentence at the low end of his new range.

Respectfully submitted by:

/s_____
Frank Cook
Ill. Sup. Ct. Reg.  # 3126994

3

## Proof of Service

The signatory certifies that he served the attached on accompanying pleadings on the following interested individuals:

Mr. Joe Pedersen
Assistant U.S. Attorney

Service was accomplished on Wednesday, May 28, 2014 pursuant to the Northern District of Illinois Electronic Case Filing System (ECF) as to all counsel who are Fling Users with respect to this matter